**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAYHEE CHO,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY FOXX, U.S. SECRETARY OF TRANSPORTATION, in his official capacity,<br><br>Defendant. | Civil Action No.: 2:16-cv-2793-CCC-JCB<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Defendant Anthony Foxx, in his official capacity as the United States Secretary of Transportation ("Defendant") to dismiss the Complaint of Plaintiff Jayhee Cho ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiff opposes the motion. ECF No. 10. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is granted.

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motion. In 2012, Plaintiff applied to the Federal Aviation Administration (FAA) for the position of Air Traffic Controller. Complaint ("Compl."), ECF No. 1 ¶ 6. On June 26, 2014, Federal Air Surgeon, James R. Fraser, MD., concluded that medical evidence revealed Plaintiff had a history of recurrent depression and personality disorder, and that Plaintiff did "not meet medical standards for the performance of [Air Traffic Control Specialist] duties." Fraser Letter, ECF No. 1.

Plaintiff initiated this action on May 18, 2016, alleging Defendant, "as Secretary of Transportation, is responsible for hiring decisions of the FAA at least to the extent of assuring that they do not violate federal civil rights law," and that the FAA violated Plaintiff's "right to a determination of his eligibility to be an air traffic controller in which his disability . . . constituted a direct threat to others or himself in carrying out the duties of the position." Compl. ¶ 9. Specifically, Plaintiff alleges a violation of 29 U.S.C. § 794 of the Rehabilitation Act of 1973. *Id.* at 2. Plaintiff further argues Dr. Fraser's conclusion was a misdiagnosis and that Plaintiff "did not suffer from depression and personality disorder, but from post-traumatic stress disorder." *Id.* ¶ 11. Plaintiff "requests an injunction from this Court ordering Plaintiff to be hired for the position of Air Traffic Controller *nunc pro tunc*, to 2013." *Id.* at 4.

On August 16, 2016, Defendant filed the instant motion to dismiss. ECF No. 8. Defendant argues Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to exhaust his administrative remedies. *Id.* Plaintiff opposes the motion. ECF No. 10.

## III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers labels and conclusions will not do.

Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated .... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

Plaintiff brings this suit pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Third Circuit has held that "a plaintiff must exhaust Title VII remedies before bringing suit under section 504 . . . of the Rehabilitation Act." *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995). "The employee must first contact an EEO counselor within 45 days of the alleged discriminatory act, and then file a formal administrative complaint within 15 days of receiving a notice of right to sue letter, and then either appeal the agency's final decision to the EEOC or file a civil action in federal district court within 90 days of receiving the decision." *Hetzel v. Mabus*, No. 15-7271-PGS-TJB, 2016 WL 4157311, at *2 (D.N.J. Aug. 4, 2016) (citing 29 C.F.R. §§ 1614.105-1614.109, 1614.491, 1614.407(a); *Green v. Postmaster Gen.*, 437 F. App'x 174, 177 (3d Cir. 2011)). Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed exhaust his administrative remedies. *See* ECF No. 8. Plaintiff argues that because he was not notified of his rights, equitable principles "estop the Government from invoking Cho's failure to exhaust." ECF No. 10 at 5.

The Third Circuit has held that for a claim pursuant to the Rehabilitation Act, "[f]ailure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss." *Smith v. Pallman*, 420 F. App'x 208, 212 (3d Cir. 2011). However, the exhaustion requirements of the Rehabilitation Act are prudential, rather than jurisdictional, which "can be bypassed under certain circumstances, including waiver, estoppel, tolling or futility." *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007). Equitable principles may even apply when there has been a total failure to exhaust administrative remedies. *Robinson v. CRS Facility Servs., LLC*, No. 12-CV-2693 CCC, 2013 WL 6178583, at *3 (D.N.J. Nov. 25, 2013).

In this case, Plaintiff does not deny that he has failed to exhaust his administrative remedies. *See* ECF No. 10 at 5. Rather, Plaintiff argues that "equitable principles estop the Government from invoking Cho's failure to exhaust." *Id.* Equitable tolling may be applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff bears the burden of "demonstrating that he exercised reasonable diligence and that equitable tolling is appropriate under the circumstances." *Pizio v. HTMT Glob. Sols.*, 555 F. App'x 169, 176-77 (3d Cir. 2014). Additionally, the Third Circuit has made clear that equitable tolling is an extraordinary remedy which should be applied only sparingly. *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

In this case, Plaintiff's Complaint is devoid of any mention of the principles of equitable estoppel or equitable tolling. In his Opposition Brief, Plaintiff alleges the FAA prevented Plaintiff from learning of his administrative remedies, and that Plaintiff did not receive notice of his

administrative remedies, as required by the regulations. ECF No. 10 at 5 (citing 29 C.F.R. 1614.102(b)(5)). However, Plaintiff may not amend his Complaint in supplemental briefing to the Court. *See Hughes v. UPS*, 639 F. App'x 99, 104 (3d Cir. 2016). Moreover, "[t]he benefit of tolling is meant for those who have exercised reasonable diligence in investigating and bringing [their] claims. In other words, [m]ere excusable neglect is not sufficient." *Pizio*, 555 F. App'x at 176-77 (internal quotation marks and citations omitted). *See also Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) ("[R]unning throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim."). Here, it appears Plaintiff waited nearly two years before taking any action regarding his medical disqualification decision by the FAA, in that he received the Fraser Letter in June 2014, and did not file the instant Complaint until May 2016. Plaintiff's Complaint contains no factual allegations illustrating diligence exercised by Plaintiff to pursue his claim. Therefore, the Court finds Plaintiff has failed to meet his burden to plead that the principles of equitable tolling are applicable to this case. Accordingly, Defendant's motion to dismiss is granted.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. To the extent the pleading deficiencies identified by this Court can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

**Date:** April 19, 2017

**CLAIRE C. CECCHI, U.S.D.J.**