NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| JAYHEE CHO, Plaintiff, v. ELAINE CHAO, U.S. Secretary of Transportation, in her official capacity, Defendant. | Civil Action No.: 16-2793 (CCC-JBC) OPINION |
|---|---|

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Elaine Chao ("Defendant") to dismiss the Amended Complaint (ECF No. 18 ("Am. Compl.")) of Jayhee Cho ("Plaintiff"). (ECF No. 22-1 ("Mot.")). The Court has considered the submissions made in support of and in opposition to the instant motion. (ECF Nos. 25 ("Opp'n"), 28 ("Reply")). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **GRANTED**.

## II. BACKGROUND

Plaintiff maintains that he initially applied for a position as Air Traffic Controller with the Federal Aviation Administration ("FAA") in 2012. (Am. Compl. ¶ 6). On June 26, 2012, Plaintiff avers that Federal Air Surgeon James R. Fraser, M.D. concluded that, based upon Plaintiff's medical records, which contained evidence of "a history of recurrent depression and personality disorder," Plaintiff was "disqualified" from the Air Traffic Controller position. (*Id.* ¶ 8). On July 7, 2014, Plaintiff informed FAA employee Audrey Figursky that he intended to appeal the Flight

1

Surgeon's decision. (*Id.* ¶ 9). Plaintiff maintains that the FAA then affirmatively informed him "that the Flight Surgeon's decision was the final medical decision on his eligibility." (*Id.* ¶ 10). Plaintiff further maintains that the FAA simultaneously failed to inform him as to "any remedy involving the Equal Employment Opportunity Commission" ("EEOC"), and that Plaintiff consequently believed he had no further avenue for recourse. (*Id.* ¶¶ 10-11).

Plaintiff subsequently commenced this action on May 18, 2016, alleging that Defendant "as Secretary of Transportation, is responsible for hiring decisions of the FAA at least to the extent of assuring that they do not violate federal civil rights law," and that Defendant violated the Rehabilitation Act of 1973 in making an eligibility determination "in which [Plainitff's] disability . . . was assessed on the basis of whether his individual disabilities constituted a direct threat to others or himself in carrying out the duties of the position." (ECF No. 1 ¶¶ 2, 9). Plaintiff further averred that the Flight Surgeon misdiagnosed Plaintiff, who suffered from post-traumatic stress disorder rather than from a personality disorder and depression. (*Id.* ¶ 11). Defendant, in turn, filed a motion to dismiss Plaintiff's Complaint on August 16, 2016. On April 19, 2017, the Court granted Defendant's motion without prejudice, concluding that Plaintiff failed to exhaust his administrative remedies, and had not pled factual allegations sufficient to invoke the doctrine of equitable tolling. (ECF No. 16).

On May 5, 2017, Plaintiff filed this Amended Complaint, alleging identical claims under the Rehabilitation Act. (*See* Am. Compl. ¶¶ 19-22). Plaintiff's Amended Complaint, however, contains additional factual allegations including that, *inter alia*: (1) Defendant failed to inform him of his administrative remedies as required by regulation; (2) that, in any case, this administrative remedy was futile because "the EEOC does not have the power to repeal the medical regulations under which [Plaintiff] was found disqualified[;]" and (3) that Plaintiff was delayed in

2

initially filing suit due to his obtaining an independent psychiatric evaluation, as well as the death of his brother. (*Id.* ¶¶ 10-18). Defendant filed the instant motion to dismiss the Amended Complaint on July 14, 2017, contending that Plaintiff has not only conceded that he failed to exhaust his administrative remedies, but also that Plaintiff has once again failed to plead a "basis for equitable tolling." (Mot. at 1).

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

3

## IV. DISCUSSION

Plaintiff's Amended Complaint once again seeks to bring a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. As this Court previously opined, the Third Circuit requires that "a plaintiff must exhaust Title VII remedies before bringing suit under section 504 . . . of the Rehabilitation Act." *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995). "The employee must first contact an EEO counselor within 45 days of the alleged discriminatory act, and then file a formal administrative complaint within 15 days of receiving a notice of right to sue letter, and then either appeal the agency's final decision to the EEOC or file a civil action in federal district court within 90 days of receiving the decision." *Hetzel v. Mabus*, No. 15-7271, 2016 WL 4157311, at *2 (D.N.J. Aug. 4, 2016) (citing 29 C.F.R. §§ 1614.105–1614.109, 1614.491, 1614.407(a); *Green v. Postmaster Gen.*, 437 F. App'x 174, 177 (3d Cir. 2011)).

The Third Circuit has therefore held that, in regards to claims under the Rehabilitation Act, "[f]ailure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss." *Smith v. Pallman*, 420 F. App'x 208, 212 (3d Cir. 2011). However, the exhaustion requirements of the Rehabilitation Act are prudential, rather than jurisdictional, which "can be bypassed under certain circumstances, including waiver, estoppel, tolling or futility." *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007). Equitable tolling may, in turn, be applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff bears the burden of "demonstrating that he exercised reasonable diligence and that equitable tolling is appropriate under the circumstances." *Pizio v. HTMT Glob. Sols.*, 555 F. App'x

169, 176-77 (3d Cir. 2014). Additionally, the Third Circuit has made clear that equitable tolling is an extraordinary remedy which should be applied only sparingly. *See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

Plaintiff's Amended Complaint concedes that he failed to exhaust his administrative remedies after being informed that the Flight Surgeon's decision was the "final medical decision on his eligibility," (*see* Am. Compl. ¶¶ 10-14), which Plaintiff believed represented "the final decision of the FAA."[1] (Opp'n at 4). Plaintiff, however, seeks to invoke the doctrine of equitable tolling based upon additional factual allegations.[2] Plaintiff specifically alleges that the FAA affirmatively misled him by failing to notify Plaintiff about a potential remedy with the EEOC,[3] which resulted in his mistaken belief "that he had no further administrative remedy."[4] (*Id.* ¶¶ 10-

---

[1] The Court notes that Defendant refutes any implied assertion that the "final medical decision" of the Flight Surgeon represented a final agency decision, which would have allowed Plaintiff to seek direct judicial review of his disqualification. *See* 29 C.F.R. § 1614.110 (defining final agency action); 29 C.F.R. § 1614.407 (providing that individual has 90 days from receipt of final agency action to file suit in federal court where no appeal has been filed). Because the Court finds that Plaintiff's claims are barred under either interpretation of the Flight Surgeon's disqualification decision, the Court need not address this issue.

[2] Plaintiff's Amended Complaint also includes a single contention that Defendant is estopped from invoking Plaintiff's failure to exhaust because of its misleading communications. (Am. Compl. 12). The parties, however, exclusively discuss the issue in briefing as one of equitable tolling, and whether the communications misled or prevented Plaintiff from seeking his administrative remedy. Accordingly the Court will also construe Plaintiff's claim as seeking to invoke the doctrine of equitable tolling.

[3] The Court rejects Plaintiff's assertion that the administrative remedies available to him would have ultimately been futile, because the EEOC does "not have the power to repeal the medical regulations under which [Plaintiff] was found disqualified." (Am. Compl. ¶ 14). If Plaintiff followed proper administrative procedures, the EEOC could have rendered a decision without having to repeal any medical regulations.

[4] Plaintiff further alleges that the FAA's failure to edify him in regards to his administrative remedies violates codified regulation. (Am. Compl. ¶ 13). The pertinent regulation requires that agencies "[m]ake written materials available to all employees and applicants informing them of the variety of equal employment opportunity programs and administrative and judicial remedial procedures available to them and prominently post such written materials in all personnel and EEO offices and throughout the workplace." 29 C.F.R. § 1614.102(b)(5). Here, Plaintiff has never been an FAA employee, nor has Plaintiff alleged that he ever visited an FAA workplace;

5

12). The Court agrees with Defendant that Plaintiff has failed to state that the FAA affirmatively took steps to mislead Plaintiff with regards to his administrative remedies. *See Oshiver*, 38 F.3d at 1392 n.10 ("To be activated, equitable tolling requires *active* misleading on the part of the defendant."). At best, Plaintiff makes conclusory statements that the FAA merely failed to notify him as to the existence of a remedy with the EEOC. The Court does not find that this amounts to the sort of actively misleading behavior required to invoke the doctrine of equitable tolling. *See id.* (rejecting claim of equitable tolling where plaintiff, at best, alleged that a law firm "concealed from her the fact that an associate opening arose"); *see also Averhart v. CWA Local 1033*, No. 10-6163, 2012 WL 3950370, at *7 (D.N.J. Sept. 10, 2012) ("Nowhere can the court find an explicit reference to the concept of equitable tolling or an allegation that Defendants actively mislead him which caused a delay in filing the present action beyond the statute of limitations.").

Moreover, and as the Court previously observed, the doctrine of equitable tolling is available only to "those who have 'exercised reasonable diligence in investigating and bringing [their] claims.' In other words, '[m]ere excusable neglect is not sufficient.'" *Pizio*, 555 F. App'x at 176 (citations omitted). Here, Plaintiff fails to allege that he could not, through "reasonable diligence," have learned of his administrative or legal remedies. Indeed, as Defendant notes, "[a] simple search on the internet, or a visit to the [EEOC's] website, would have informed Plaintiff of his obligation to exhaust administrative remedies before filing a discrimination action under the Rehabilitation Act." (Mot. at 7). Plaintiff could also have consulted with counsel following his receipt of the Flight Surgeon's disqualification. Plaintiff's conclusory statement that "he had no

---

consequently, the Court agrees with Defendant that it is irrelevant as to whether the FAA prominently posted such notice within the workplace. Moreover, the Court finds that Defendant did in fact make these written materials available to Plaintiff by posting them on the FAA's website. Accordingly, the Court finds that Plaintiff's argument that Defendant violated codified regulation in this regard to be without merit.

way of knowing" of his available administrative remedies is therefore insufficient to support the application of the doctrine of equitable tolling.

Assuming, *arguendo*, the Court were to excuse Plaintiff's failure to exhaust his administrative remedies, either on the basis that the Flight Surgeon's letter represented a final agency decision, or through application of equitable tolling, the fact remains that Plaintiff, by his own concession, waited nearly two years to commence this litigation. (*See* Opp'n at 4 ("While it is true that Plaintiff did not commence his suit until near the two year statute of limitations . . . .")). Pursuant to codified regulation, Plaintiff was required to initiate litigation in federal court within 90 days of having received the FAA's decision. 29 C.F.R. § 1614.407(a). Accordingly, Plaintiff should have initiated this action no later than 90 days following receipt of the Flight Surgeon's letter on June 26, 2012. Plaintiff seeks to excuse his untimeliness due to the tragic death of his brother, which he avers caused him to lose focus on the suit, as well as a six month delay in obtaining an individual psychiatric evaluation. (Opp'n at 4). Neither of these incidents, however, rise to the level of extraordinary circumstances required for the Court to apply principles of equitable tolling. *See Dicroce v. Norton*, 218 F. App'x 171, 173 (3d Cir. 2007) ("District courts are to apply equitable tolling sparingly."); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) ("Generally, [equitable tolling] will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" (quoting *Oshiver*, 38 F.3d at 1380)); *see also Russo v. Am. Airlines, Inc.*, 340 F. App'x 816, 819 (3d Cir. 2009) ("[Plaintiff's] argument fails because he did not exercise due diligence to preserve his claim. He concedes that he chose to avert his attention from this matter for about sixteen months, focusing instead on his divorce proceedings.").

## V. CONCLUSION

For the reasons stated above, the Court grants Defendant's motion to dismiss Plaintiff's Amended Complaint. To the extent Plaintiff is able to cure the defects identified herein, the Court will grant Plaintiff thirty (30) days from the date of this Opinion and accompanying Order to file an amended pleading.

Date: Feby 28, 2018

CLAIRE C. CECCHI, U.S.D.J.